Dulaney, et al. v. Rogers, et al.

————o————

D. M. DULANEY, *et al.*, Respondents, *vs.* E. H. ROGERS, *et al.*, Appellants.

| 64 | 201 |
|----|-----|
| 31a | 416 |
| 31a | 418 |
| 64 | 201 |
| 41a | 155 |
| 64 | 201 |
| 42a | 110 |
| 64 | 201 |
| 44a | 113 |
| 64 | 201 |
| 50a | 522 |
| 64 | 201 |
| 120 | 200 |
| 64 | 201 |
| 60a | 624 |
| 64 | 201 |
| 139 | 656 |
| 64 | 201 |
| 81a | 498 |
| 64 | 201 |
| 83a | 575 |
| 64 | 201 |
| d87a | 261 |
| 64 | 201 |
| 93a | ¹439 |
| 64 | 201 |
| e179 | ¹664 |

1. *Fraudulent representation—Action for—What scienter necessary to be shown—Testimony as to intent may be rejected, when.*—In order to sustain an action, based on deceit or fraudulent misrepresentations, it must be shown that the party making them believed or had good reason to believe at the time, that they were false, or intended to convey the impression that he had actual knowledge of their truth, whereas he was aware in fact that he had no such knowledge, and it must appear that the other party relied upon them and was deceived by them to his injury.

In such suit where the fraudulent intent of the party is sufficiently made to appear from the facts in the case, his testimony that he had no such intent is properly excluded.

*Appeal from Cooper County Circuit Court.*

*Hayden & Tompkins*, for Appellants, cited : Pasley vs. Freeman, 2 Smith's Lead. Cas. p. 138 ; Jollife vs. Collins, 21 Mo. 342 ; Wakeman vs. Dalley, 8 Johns. 23 ; 10 Am. R. 551 (same case, 51 N. Y. 27 ); Oberlander vs. Sperrs, 45 N. Y. 169 ; Meyer vs. Armidon, Id. 175 ; Lord vs. Godard, 13 How. 198 ; Russell vs. Clark, Exr's, 7 Cr. U. S. 69.

*Draffin & Williams*, for Respondents, cited: Cabot vs. Christie, 42 Vt. 121 ; Dunn vs. Oldham's adm'r, 63 Mo. 181 ; Wakeman vs. Dalley, 51 N. Y. 27 ; Myer vs. Armidon, 45 N. Y. 69 ; Marsh vs. Falker, 40 N. Y. 562 ; 2 Hil. Torts, 146, § 11.

NORTON, Judge, delivered the opinion of the court.

This was a suit brought to recover damages for an alleged fraudulent representation, in writing, as to the solvency of one

Burger. It is charged in the petition that defendants, for the purpose of giving said Burger credit, gave to him a statement in writing as follows :

"PILOT GROVE, Mo., Sept. 8, 1873.

"We, the undersigned citizens of Pilot Grove, and county of Cooper, State of Missouri, would hereby recommend to the favorable consideration of any lumber firm in Hannibal, Mo., Mr. Wm. H. Burger as being every way responsible and a good business man, and we believe and recommend him as a prompt and reliable gentleman."

It is further alleged that said statement was on the 13th of September, 1873, presented to them at Hannibal, Mo., where they were engaged in business as lumber merchants, by said Burger, who requested them to sell him lumber on credit ; that between the 13th of September and the 28th of November of said year, relying on the representations contained in said statement, they were thereby induced to sell to said Burger the sum of $2,502 87 ; that the statement in regard to the solvency of Burger was not true, but that he was wholly insolvent, and that defendants knew that said statement was not true ; by means of all which, plaintiffs had sustained damages to the amount of $865.

The answer of defendant admitted the execution of the writing set out in the petition, and denied all other allegations contained therein. On the trial plaintiffs obtained judgment, from which defendants have appealed.

The principal error complained of is in the action of the court in giving and refusing instructions, especially the following one which was given, viz : " It is admitted by the pleadings that defendants made the written representation concerning the solvency of W. H Burger, read in evidence, and if the jury shall find from the evidence that the plaintiffs were, at the time stated in the petition, copartners in business, and that Burger presented the paper to plaintiffs, or either of them, and asked for credit for lumber, and that the plaintiffs, or any one of said firm, relying upon said representations were induced by the same to sell to said Burger the lumber mentioned in the petition, on credit ; and if the jury shall further find from the evidence that the said rep-

resentations were not true, and that Burger was in fact insolvent, and that defendants at the time knew that he was insolvent, and not in any way responsible, or that they represented that they knew him to be in every way responsible when they were aware of the fact that they did not know whether he was solvent or insolvent, then the jury ought to find a verdict for the plaintiffs for any loss or injury they may have sustained by reason of said false representations."

The written instrument offered in evidence and signed by defendants, who as the proof shows were neighbors of Burger, was an open letter of credit to any lumber merchant in Hannibal, Mo., containing the assertion that Burger was in every way responsible. It was dated on the 8th of September, and the record shows that it was accompanied with a certificate, signed by E. H. Harris the postmaster at Pilot Grove, certifying that the signers thereof are land owners and citizens of Pilot Grove township, and worth at least sixty-five thousand dollars. It cannot be questioned that the purpose of this statement was to enable Burger to purchase lumber on credit on the strength of the representation it contained in regard to his solvency. A distinct affirmation was made, (not simply an expression of opinion or belief) that he was in every way responsible. This instrument of writing was intended to be shown to strangers and persons unacquainted with the pecuniary condition of Burger, and it was well calculated to obtain credit for him, and suppress further inquiry as to the solvency of Burger on the part of those to whom it was to be exhibited.

It seems to be established that an action based upon the deceit or fraudulent representations of another, cannot be maintained in the absence of proof that the party making them believed or had good reason to believe at the time he made them that they were false, or that he assumed or intended to convey the impression that he had actual knowledge of their truth, though conscious that he had no such knowledge. When the above facts are proven the *scienter* necessary to maintain an action for deceit, founded on fraudulent representations, is established. An innocent misrepresentation made through mistakes, without knowledge of

its falsity, and with no intention to deceive, cannot justify a personal action for damages.

The *gist* of an action founded on fraudulent representations, when damage results, is, the fraud of defendants, and when it appears that a representation is made which is known to be false at the time it is made, and the person to whom it is made relies upon it and is deceived thereby to his injury, an action lies against the party making it. Whenever the above facts are proven the fraud necessary to give a right of action appears, and the intention to deceive is sufficiently shown.

In the case of Milton Dunn vs. Jno. Q. Oldham adm'r, 63 Mo. 181, it is said: "The now generally recognized doctrine is that in order to support a personal action for fraudulent representations it is not sufficient to show that a party made statements, which he did not know to be true and which were in fact false. There must be fraud as distinguished from mere mistake. It is not however always absolutely necessary that an actual falsehood should be uttered to render a party liable in an action of deceit, if he states material facts, as of his own knowledge and not as a mere matter of opinion or general assertion about a matter of which he has no knowledge whatever, this distinct, wilful statement, in ignorance of the truth, is the same as the statement of a known falsehood, and will constitute a *scienter*." This principle is clearly enunciated in Cabot vs. Christie, 42 Vt. 121 ; Marsh vs. Falkner, 40 N. Y. 569 ; Stene vs. Denney, 4 Met. 151 ; Meyer vs. Armidon, 45 N. Y. 169, 175 ; Wakeman vs. Dalley, 51 N. Y. 35.

We therefore can perceive no error in giving the instruction complained of. In this view of the subject the objections to the action of the court, in refusing the instructions asked by defendant, are disposed of, and it is unnecessary to consider them in detail.

The objection to the second instruction given for plaintiffs was properly overruled. In it the jury were in substance told, that in determining the question of the solvency of Burger they would exclude from the consideration such property as by law was exempt from execution.

On the trial defendants were introduced as witnesses, and they were asked if it was their intention in signing the paper to defraud plaintiffs or others.   The evidence thus sought was properly rejected by the court.   When the facts constituting a fraud as before stated are proven, the intention to deceive sufficiently appears to authorize a finding.

On the whole record the judgment appears to have been for the right party, and no error being perceived it will be affirmed, in which the other judges concur.