PLANT SEED COMPANY, Appellant, v. MICHEL PLANT & SEED COMPANY, Respondent.

St. Louis Court of Appeals, December 7, 1886.

1. EQUITY—INJUNCTION—TRADE NAME.—The use of a corporate name similar to that used by another corporation can not be enjoined, if its adoption and use are in good faith and without fraudulent intent.

2. ——— PLEADINGS.—A petition which states that the adoption and use of the name were with the fraudulent intent of appropriating the plaintiff's trade, that the public were deceived, and the plaintiff's trade diverted to the defendant thereby, states a case for equitable relief.

3. PRACTICE—DEMURRER.—A demurrer admits the truth of the averments of the petition and the demurrant can not afterwards claim that the facts stated are improbable.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Reversed and remanded.*

LEONARD WILCOX, for the appellant: A corporation, as well as an individual, may be enjoined from the use of a name where it appears that it is an unlawful infringement on the name used by or belonging to another, even if such name be its corporate name. 1 High on Injunctions, sect. 5907; *Ex parte Walker*, 1 Tenn. Ch. 101; *Holmes, etc., v. Holmes, etc., Co.*, 37 Conn. 279; Gen. Stat. of Conn., 1866, pp. 170, 173, sects. 393, 405; *Goodyear Rubber Co. v. G. R. Mf'g Co.*, 22 Blatch. C. C. R. 421; Morawetz on Priv. Corp. [2 Ed.] sects. 354, 1064; *Wallace v. Loomis*, 97 U. S. 154; Ang. & Ames on Corp. [11 Ed.] 432, 433; *Boogher v. Life Ass'n*, 75 Mo. 323; *Bridge Co. v. Prange*, 35 Mich. 400, 403; *Ins. Co. v. Needles*, 113 U. S. 580. The resemblance between the name

adopted by the defendant company and the plaintiff's name is sufficiently close to justify the court to interfere by injunction. *Gamble v. Stephenson*, 10 Mo. App. 581; *Sanders v. Utt*, 16 Mo, App. 324; Browne on Trade-Mark [2 Ed.] sects. 33, 228, 385; *Glenny v. Smith*, 11 Jur. [N. S.] 964. The corporate name of the defendant company was adopted in violation of an express statute, and its use may be enjoined at the suit of a private party. Rev. Stat. 1879, sects. 926, 957; Pomeroy's Eq. Jur., sects. 252, 1347, 1349; *Overall v. Ruenzi*, 67 Mo. 203, 207; *Matthis v. Town of Cameron*, 62 Mo. 504, 506; *Hayden v. Tucker*, 37 Mo. 214; Wood on Nuisances [2 Ed.] 904; High on Injunctions, sects. 897, 901, 907. An injunction will lie at the suit of the person injured, to prevent the use by another of generic terms or other names common to the public, for the fraudulent purpose of diverting his custom. *Lee v. Haley*, 5 Ch. App. cases 155; *Glenny v. Smith*, 11 Jur. [N. S.] 694; *Boswell v. Mathie*, 11 Sess. Cases [Rettie] 1072; *Matsell v. Flanagan*, 2 Abb. Pr. R. [N. S.] 459; *Churton v. Douglass*, 28 L. J. Ch. 841; *Pierce v. Guitard*, 8 Pac. R. 645, 637; *Bouluois v. Peake*, 13 Ch. Div. 513 *n;* Browne on Trade Marks, sects. 34, 522; 3 Pomeroy's Eq. Jur., sect. 1354; *Marsh v. Billings*, 7 Cush. 331.

KLEIN & FISSE, for the respondent: The action of the state authorities in permitting a corporation to adopt a particular name, either upon its organization, or subsequently, is conclusive; and that the right of the company to employ that name is not subject to be collaterally attacked. *Goodyear Rubber Co. v. Goodyear Rubber Mfg. Co.*, 21 Fed. Rep., 277; 1 Morawetz on Corp., sects. 353, 354. In dealing with cases of trade names, even if the two names are identical, the courts, before granting any injunction, require clear proof that the defendant adopted and continued to use the name for the purpose of palming off his wares as the wares of the plaintiff. *Meneely*

*v. Meneely*, 62 N. Y. 427; *Phelan v. Callender*, 6 Hun, 244; *Carmichael v. Latimer*, 11 R. I. 395; *Faber v. Faber*, 49 Barb. 405; *Landreth v. Landreth*, 22 Fed. Rep. 41. If the two names are not strictly identical, but are merely similar, stronger proof of this fraudulent purpose is demanded. 10 Cent. L. J. 481.

ROMBAUER, J., delivered the opinion of the court.

This is a trade name case. As the judgment appealed from was rendered on demurrer, it will be necessary only to set out the amended petition and the grounds of demurrer thereto.

The petition was as follows:

"Plaintiff for cause of action states that it is a private business corporation duly incorporated under and pursuant to the laws of the state of Missouri; that it was so incorporated on the —— day of November, 1872, and is located and has its chief place of business in the city of St. Louis, state of Missouri.

"That the defendant is likewise a corporation duly incorporated under the laws of the said state of Missouri, and is also located and has its chief place of business in said city of St. Louis; that it was so incorporated originally in the year 1878 under the corporate name, 'H. Michel and Company;' that at all the times hereinafter mentioned the defendants, Henry Michel and Ernest Michel, were and still are directors in said defendant corporation, constituting a majority of the same and owning nearly all the stock therein. That from the time of its incorporation down to the present time plaintiff has been continuously carrying on the business for which it was and is incorporated, to-wit: The dealing in, buying and selling, garden, farm, grass, vegetabe, flower, grain, and other kinds of seeds and plants; that it has so carried on said business in said city of St. Louis, and was originally incorporated under and has always used and been known by the corporate name, 'Plant Seed

Company,' the name 'Plant' being the family name of the principal stockholders.

"That it has always exercised great care in the selection and purchase of the seeds and plants purchased to be sold to its customers, and thereby at, and long before the grievances herein complained of, had become widely known and acquired a high reputation throughout the city of St. Louis, the states of Illinois, Kansas, and Missouri, and all the surrounding region, by said corporate name, as a dealer in seeds and plants of the kind aforesaid, which could be relied on as seminiferous and productive, and if properly sown to germinate and grow and produce grasses, grain, and vegetables after their kind ; that prior to the grievances hereinafter complained of, plaintiff had expended large sums of money in establishing and advertising its said business under its said corporate name, and thereby prior to said time had come to be widely known by said name, and had made said name valuable and profitable to itself and had come to command a large and profitable trade in the articles and merchandise aforesaid.

"That the defendant corporation has been, since its organization, engaged principally in the business of growing, dealing in, and selling flowers. That persons engaged in such business are usually and commonly known as, and are called, florists ; that, although they do deal in flower plants, yet they are not commonly, nor usually spoken of, nor are they generally known as dealers in plants ; that the defendant corporation, during all the time last aforesaid has also dealt in seeds of the same kinds as those dealt in by the plaintiff, as hereinbefore alleged, but persons engaged in such business are not commonly nor usually known or spoken of as dealers in plants ; that notwithstanding the long and quiet use, and enjoyment of its said corporate name by plaintiff, the defendant corporation, and particularly the other defendants, who are the sole directors therein, and

control or own nearly all the capital stock thereof, being well aware of the premises, and intending and designing to injure and defraud, and for the purpose of injuring and defrauding, plaintiff in its business, and misleading and deceiving the public, and securing to themselves and reaping the benefit of the reputation and trade acquired by the plaintiff, as aforesaid, and decoying persons into their store, who wished and intended to trade with the plaintiff, and leading them to suppose they were in the plaintiff's store, did, on or about the —— day of ——, 1880, and contrary to the statute in such case, made and provided, the said defendant corporation being then and there engaged in the business already stated, and having its principal place of business in the city of St. Louis, as aforesaid, change the name of the said defendant corporation, viz.: 'H. Michel & Company,' to the name 'Michel Plant & Seed Company,' and opened stores in the said city of St. Louis, where they carried on the said business under the said last mentioned name, and on the —— day of October, 1885, rented a store on the same street on which the plaintiff's store is situated, and within two blocks thereof, on the outside and windows of which stores, and especially of said last named store, they have painted and fastened large signs bearing the name 'Michel Plant & Seed Company,' in large letters, in such place and manner that it would and does attract the attention of the public, and have been ever since the said last named day, and are still, printing and distributing throughout the city of St. Louis, and the states and region aforesaid, in large numbers, pamphlets, hand-bills, and circulars, with their said last mentioned corporate name printed on the outside thereof, in large letters, and have been, and still are, advertising the business of the said defendant corporation under the said name in the newspapers.

"But the plaintiff says that with the same fraudulent purpose and intent as aforesaid, wherever, on said

signs, stores, windows, circulars, pamphlets, and in said advertisements, defendants have caused the new corporate name aforesaid, to be painted or printed, it is painted or printed with the single character or signs sometimes used to represent and stand for the word 'and,' instead of that word in full, between the words 'Michel' and 'Plant,' and in such manner that it would not be, and is not readily noticed by the public.

"By reason of which fraudulent and wrongful acts of defendants, the plaintiff says great confusion has arisen among the persons accustomed to deal with the plaintiff, and many of them have been decoyed into the defendant corporation's stores, and led to purchase seeds, and other like merchandise of it, supposing they were purchasing of plaintiff, and that letters intended for plaintiff have been, by reason of persons being confused in the similarity of names, so addressed that * * * they have reached the defendant corporation instead of plaintiff, and by reason of the premises plaintiff has been greatly injured, and has lost, and will lose, a great deal of custom, and the profit to be derived therefrom, which has in times past come, and would, if it were not for said wrongful acts, in future come to the plaintiff.

" Wherefore, the plaintiff prays the court to make an order restraining the defendant corporation, and the said other defendants, their agents or servants, from using, in the business of the said corporation, or on its signs, pamphlets, or circulars, or in its advertisements : 1. The said corporate name 'Michel Plant & Seed Company' ; 2. The word 'Plant' as a part of said name ; 3. The word 'Plant' in, or a part of said name, so arranged with reference to, or so connected with, the word 'Seed' as to simulate or imitate the plaintiff's corporate name and deceive the public ; 4. The words 'Plant & Seed,' as now used by the defendant corporation in its said name, or said words, in the same order in which

they now appear in plaintiff's corporate name, or connected with a character to indicate the word 'and,' without having the said word printed in full with letters of the same character, size, and appearance as the other words, in the same name, and for such other and further relief as to the court may seem proper."

The defendants demurred to this petition upon the following grounds: (1) Because it does not state facts sufficient to constitute a cause of action. (2) The amended petition fails to state any facts entitling the plaintiff to any equitable relief. (3) It appears on the face of the amended petition that the plaintiff has lost whatever rights it may have had in the matter complained of therein, by its long delay and laches. (4) Because the matters complained of are subject to be inquired of only at the suit of the state of Missouri.

The court sustained the demurrer; the plaintiff refused to plead further, and final judgment for the defendants was rendered by the court. The plaintiff then appealed.

The plaintiff, appellant, contends that the petition does contain facts sufficient to constitute a cause of action, and assigns for error that the demurrer was improperly sustained.

It is evident that but for the allegation of the defendants' fraudulent intent, coupled with the injury resulting therefrom to the plaintiff, the petition would have been demurrable. It states no facts which, omitting the elements above stated, the defendants might not lawfully have done. It is also true that the motive with which a lawful act is done is, as a general rule, immaterial. But an act done with a fraudulent motive, and inflicting damage upon another person, is never a lawful act, because it has long been established in our jurisprudence, that the concurrence of fraud and damage in such cases causes an injury which gives rise to a cause of action.

Starting from these premises the following result follow :

The defendants' demurrer admits that all facts which are well pleaded in the plaintiff's petition are true. The defendants' fraud is sufficiently well pleaded because, under our practice act, a general allegation of fraud is sufficient. *Edgell v. Sigerson*, 20 Mo. 494; *Fox v. Webster,* 46 Mo. 184. Nor is it conceivable how a fraudulent intent and motive is capable of a more specific designation than a mere statement. The demurrer, therefore, admits the fraudulent intent with which the acts complained of were done, and further admits that they resulted in causing damage to the plaintiff by decoying persons into the defendants' store, and causing them to purchase the defendants' merchandise, supposing that they were purchasing of the plaintiff. As facts are more conclusive than theories, it is futile to argue that persons were not likely to be thus misled by anything that the defendants' did, when it stands admitted by the demurrer that they were.

Nor is the petition demurrable on the ground of showing laches. That objection at most affects part of the relief sought, as some of the acts complained of and sought to be enjoined are quite recent. As was said in *Sanders v. Jacob* (20 Mo. App. 99), where the element of fraud supervenes, lapse of time does not purge the defendant's conduct of this taint, and if the defendant, at a recent period of time, aggravates the wrong by moving his place of business nearer to that of the plaintiff, and by there erecting signs similar to the plaintiff's, with the intent of deceiving the trading public, it furnishes a case for equitable interposition.

All the judges concurring, the judgment is reversed and the cause remanded.