PLANT SEED COMPANY, Appellant, v. MICHEL PLANT
AND SEED COMPANY *et al.*, Respondents.

### St. Louis Court of Appeals, June 4, 1889.

1. **Corporate Name, Injunction for Piracy of.** When a person
or business corporation assumes a firm name or corporate name,
which so closely resembles that of a business rival that the business
of the latter is liable to be diverted, and the public deceived on
account of it, the use of such name will be restrained by a court of
equity.

2. ————. But to warrant such relief, the facts warranting it must
be established by very satisfactory proof.

3. ————. When the conduct complained of is that merely of a fair
competitor in the same line of business, and the name assumed is
not likely to mislead ordinary purchasers, a court of equity will
not interfere.

4. ————. And since the statute requires every business corporation
to select a business name indicative of its business, too stringent
rules are inadvisable in such controversies, and, when a case is
free from actual fraud, the fact, that some confusion and friction
in business results from the similarity of names, will not warrant
interference.

5. **Practice, Trial : COSTS.** When, in an equity suit, the substantial
issues are found partly for the plaintiff and partly for the defend-
ant, the court has discretion to apportion the costs.

*Appeal from the St. Louis City Circuit Court.*—HON.
SHEPARD BARCLAY, Judge.

AFFIRMED.

*Leonard Wilcox*, for the appellant.

Under the evidence it must be declared as a matter
of law that defendant's name is an unlawful imitation of
plaintiff's name, and its use by defendant is unlawful.
*State ex rel. v. McGrath*, 92 Mo. 355 ; *Sanders v. Utt*,
16 Mo. App. 324; *Glenny v. Smith*, 11 Jur. [N. S.] 964;

*Seed Co. v. Seed Co.*, 23 Mo. App. 579 ; *Guardian, etc., Co. v. Guardian, etc., Co.*, 43 L. T. [N. S.] 791–3. The corporate name of the defendant company was adopted in violation of an express statute, and its use may be enjoined at the suit of a private party. *State ex rel. v. McGrath*, 92 Mo. 355; R. S. 1879, secs. 926, 957; Pom.'s Eq. Jur., secs. 252, 1347, 1349 ; *Overall v. Ruenzi*, 67 Mo. 203, 207 ; *Mathis v. Town of Cameron*, 62 Mo. 504, 506; *Hayden v. Tucker*, 37 Mo. 214; Wood, Nuis. [2 Ed.] p. 904; High, Inj., secs. 897, 901, 907 ; Kerr, Inj. 475, *et seq.* An injunction will lie at the suit of the person injured, to prevent the use by another of generic terms or other names common to the public, for the fraudulent purpose of diverting his custom. *Seed Co. v. Seed Co.*, 24 Mo. App. 579 ; *Lee v. Haley*, 5 Ch. App. Cases, 155; *Glenny v. Smith*, 11 Jur. [N. S.] 694 ; *Boswell v. Mathie*, 11 Sess. Cases [Rettie] 1072 ; *Matsell v. Flanagan*, 2 Abb. Pr. R. [N. S.] 459 ; *Churton v. Douglass*, 28 L. J. Ch. 841 ; *Pierce v. Guitard*, 8 Pac. Rep. 645, 647; *Bouluois v. Peake*, 13 Ch. Div. 513n ; Browne on Trade-Marks, secs. 34, 522 ; 3 Pom.'s Eq. Jur., sec. 1354 ; *Marsh v. Billings*, 7 Cush. 331. A corporation as well as an individual may be enjoined from the use of a name where it appears that it is an unlawful infringement on the name used by or belonging to another, even if such name be its corporate name. *State v. McGrath*, 92 Mo. 355 ; High, Inj., sec. 5907 ; *Ex parte Walker*, 1 Tenn. Ch. 101 ; *Holmes v. Holmes*, 37 Conn. 279 ; *Rubber Co. v. Mfg. Co.*, 22 Blatch R. 421 ; Morawetz, Priv. Corp. [2 Ed.] secs. 354, 1064 ; *Wallace v. Loomis*, 97 U. S. 154 ; *Ins. Co. v. Needles*, 113 U. S. 580. The court found the issues joined in favor of the plaintiff, and it should have granted it substantial relief against the wrongful action of defendant. This it did not do. *State v. McGrath*, 92 Mo. 355 ; *Guardian, etc., Co. v. Guardian, etc., Co.*, 43 L. T. [N. S.] 791 ; *Devlin v. Devlin*, 69 N. Y. 212 ; *Glenny v. Smith*, 11 Jur. [N. S.] 694 ; *Lee v. Haley*, 5 Ch. App. Cases, 135.

Plant Seed Co. v. Michel Plant & Seed Co.

There was conclusive evidence of positive fraud on the part of defendant in the use of its name, and much more of legal fraud. *Matsell v. Flanagan*, 2 Abb. Pr. [N. S.] 459 ; Kerr on Fraud & Mistake, pp. 16, 17, 25, 26, 55 ; 2 Pom.'s Eq. Jur., secs. 880, 888 ; *Bank v. Crandall*, 87 Mo. 212 ; *Craft v. Day*, 7 Beav. 89, 90 ; *Pierce v. Guitard*, 8 Pac. Rep. 645, 647 ; *Rogers v. Rogers*, 11 Fed. Rep. 441-42 ; *Gray v. Pulley Co.*, 16 Fed. Rep. 499. The taxation of one-half the costs against plaintiff was improper and illegal. *Guardian, etc., Co. v. Ins. Co.*, 43 L. T. 791-3 ; *Hawkins v. Nowland*, 53 Mo. 328; *Dupont v. McLaren*, 61 Mo. 502.

*W. E. Fisse*, for the respondents.

Two points are made in this case : *First.* That upon the merits of the case the judgment of the court below is erroneous. *Second.* That the action of the court in requiring each party to pay one-half the costs is erroneous. The law applicable to the questions arising under the first branch of the case is so well settled, and has been so many times affirmed in this court, that extended argument to establish these propositions seems altogether unnecessary, if not entirely out of place. Almost all of the authorities now cited by appellant were brought to the attention of the court upon the first appeal. No new points are made in the present argument. The plaintiff must establish positive and actual fraud on the part of the defendant. This it has not done, and the circuit court has so found. The names used are not similar. *State v. McGrath*, 92 Mo. 355 ; *Glenny v. Smith*, 11 Jur. [N. S.] 964 ; *Boswell v. Mathie*, 11 Ret. Sess. Cas. 1072 ; *Sanders v. Utt*, 16 Mo. App. 324 ; *Lee v. Haley*, 5 L. R. Ch. App. Cas. 135 ; *Guardian, etc., Co. v. Guardian, etc., Co.*, 43 L. T. [N. S.] 791 ; Article in 10 Cent. L. J. 461, 481. With respect to that portion of the decree which apportioned the costs between the parties, the plaintiff cannot be

heard to complain. It is altogether untrue to say that by its judgment the court found all the issues in favor of the plaintiff. Upon the substantial issue in the case the finding was for the defendant. The authority of equity courts to apportion costs between the parties, according to the discretion of the court, had been long recognized prior to the time of the enactment of our statutes concerning costs. And this authority is sustained by *Turner v. Johnson*, 95 Mo. 431.

BIGGS, J., delivered the opinion of the court.

This is not a trade-mark case, but is one of a kindred nature and depends to a great extent for a proper solution on the application of the same equitable principles.

When a person or business corporation has assumed the name of some other firm or corporation in the same line of business, or has adopted a name which so closely resembles that of a business rival, previously established, that the business of the latter is liable to be diverted and the public deceived on account of it, it has always been recognized as within the power or jurisdiction of a court of equity to restrain such person or new company from conducting business under the name assumed to the detriment of the older company.

But when the conduct of the party complained of is that merely of a fair competitor in the same line of business, and the name assumed is not such as would likely mislead ordinary purchasers in buying, then a court of equity will not interfere. We think we are justified, both upon principle and authority in the assertion, that in a case of this kind a complainant should be required to establish the facts, warranting relief, by very satisfactory proof; because courts are very much disinclined in any way to interfere with, or discourage, competition in trade.

The complainant in this case makes this kind of complaint against the defendant : The "Plant Seed

Company" and the "Michel Plant and Seed Company" are both business corporations, and have been for many years doing business in the city of St. Louis in the same line of trade.

The original company, of which the plaintiff corporation is the successor in business, was established by the "Plant Brothers" many years ago. In 1872, the firm was incorporated under its present name, and the "Plant Brothers" were, and are now, its principal stockholders. The chief business of the original company, and of the corporation, was, and is now, the sale of garden and grass seeds, in which plaintiff claims a very wide and favorable reputation.

The original company, of which the defendant corporation is the successor in business, was established in 1858 in the city of St. Louis by the "Michel Brothers." The defendant claims that in that year "The Michel Brothers" began to deal in all kinds of flowers, bulbs, plants and garden and grass seeds. The firm originally did business under the firm name of H. Michel & Co., but on the twentieth day of February, 1875, the firm was incorporated by the same name. The defendant corporation continued to do business under this name until July 8, 1882, when an application was made to the secretary of state for a change in defendant's corporate name to that of "Michel Plant and Seed Company," which was granted.

The plaintiff in this action complains of the defendant and says that this change, made in defendant's corporate name, was a scheme of piracy against plaintiff's business, and was concocted by the "Michel Brothers," for this unlawful purpose; that the "Michels" selected the word "Plant" as a part of their corporate name for the fraudulent purpose of deceiving the public and thereby diverting trade belonging to plaintiff.

But the plaintiff alleges that if the purpose of the change was not actually fraudulent, yet the change in the defendant's corporate name made it resemble that of

the plaintiff so closely, that it was likely to, and did, deceive the public, and mislead plaintiff's customers in making purchases; that many of the plaintiff's customers purchased seeds from the defendant, believing that they were trading with the plaintiff, and that this deception was produced by the similarity of defendant's corporate name to that of the plaintiff; that, in 1884, the defendant moved its place of business to a store room in close proximity to the place where plaintiff was, and had been, doing business for many years; and that this change was made for the purpose of facilitating the defendant's piratical scheme.

The plaintiff also claimed that this similarity in names, on account of defendant's pamphlets, circulars and advertisements, produced great confusion in the plaintiff's business, and especially as to mail and express matter, and greatly to its damage.

The plaintiff asked that the defendant be restrained from using in the prosecution of its business : *First*. Its corporate name. *Second*. The word "Plant" as a part of the corporate name. *Third*. The words "Plant & Seed," as now used by the defendant with a character to indicate the word "and" without having the word "and" printed in full with letters of the same character, size and appearance, as the other words composing the corporate name.

The defendant denied that the change in its corporate name was made for any such intention or purpose as alleged by plaintiff, but it averred that the change was made in compliance with section 763, Revised Statutes, 1879, and that the words "Plant & Seed" were embodied in its corporate name as indicative of its line of business, and that this was done by reason of the requirements of said section; that the "Michel Brothers," who constituted the stockholders of the defendant corporation, had been engaged in selling plants and seeds since 1858, and had a right to use both words in selecting a corporate name. And the defendant denied that,

because some of the defendant's stockholders bore the name of "Plant," the plaintiff thereby had the exclusive right to use this word. The defendant also denied that there was such a close resemblance between its corporate name and that of the plaintiff, that ordinarily prudent persons were likely to be misled in making purchases on account of it. The defendant also denied that any persons had been so deceived. It also denied that it had moved its place of business near to or in the vicinity of the plaintiff's store for the purpose of injuring the plaintiff in its business, but on the contrary, it averred that the change in its business location was made, because the new location was the best in the city for its business.

The trial court in its decree refused the plaintiff relief, except that it required the defendant, in making use of its corporate name, to have the word "and" printed or written in full and without any abbreviation, and in letters as large as any other letters used in the corporate name. The court by its decree provided that each party should pay one-half the costs.

The plaintiff filed motions for rehearing, and to retax costs, which were by the court overruled, to which ruling of the court the plaintiff excepted, and it has brought the case to this court, and asks us to review and reverse the decree of the circuit court.

The plaintiff complains of the judgment of the circuit court: *First.* Because the court failed to grant plaintiff all the relief to which it was entitled under the evidence. *Second.* Because the court found the issues for the plaintiff, and, having done so, it had no right to tax any portion of the costs against the plaintiff.

This case was before this court once before, and is reported in 23 Mo. App. 579. The circuit court had sustained a demurrer to the petition, and this court, in passing on the case, in effect decided that the plaintiff could not acquire the exclusive right to use the word "Plant" in its corporate name, and that there was not

such a resemblance or similarity between the names of the two corporations, as to authorize a court of equity in holding that the adoption of this name by the defendant was, in itself, an unlawful act; but, as the plaintiff alleged that the name was adopted by the defendant with the fraudulent intent of appropriating the plaintiff's trade, and that, on account of this change and the fraudulent efforts and acts of the defendant, the public was deceived, and the plaintiff's trade diverted, it could not be said that the adoption of the name by the defendant was a lawful act. This court in discussing this question said: "But an act, done with a fraudulent motive and inflicting damage upon another, is never a lawful act, because it has long been established in our jurisprudence that the concurrence of fraud and damage in such cases causes an injury, which gives rise to a cause of action."

We have no disposition to in any way modify our former opinion as to the law governing this cause. The word "Plant" is one of very common use, and may very properly be used to designate a business, and the fact, that the "Plant family" were the founders of the plaintiff's business and its principal stockholders, affords no reason why the defendant could not use the word to designate its business, provided it was done for an honest purpose; and, with the same proviso, the defendant had the right to adopt its present corporate name. We do not think that the resemblance between the two corporate names is sufficiently close, to raise a probability of mistake on the part of the public, or to show a design or intention on the part of the defendant to deceive. *McCortney v. Gomhort*, 45 Mo. 593.

In recent years, the great bulk of the commercial business of our state has been conducted by business corporations, and, prior to 1885, our statute required that each corporation should select a corporate name indicative of its business. Under such circumstances, the choice of names by which a new company can designate

its business, so as to satisfy the requirements of law and at the same time avoid trouble with the older companies, is very limited, and it would not be wise for the courts to adopt too stringent rules in determining controversies like the one under consideration. If such a case is free from actual fraud, it is better for the courts to permit some confusion and friction in business, than to hamper and discourage trade by judicial interference.

The evidence in this case is very voluminous and it is impossible for us to discuss it in detail in this opinion. The defendant's evidence tended to show that the "Michel Brothers" had been engaged in the "plant and seed" business for many years, under the firm name of H. Michel & Co.; that they incorporated their firm in 1875 and adopted the firm name as their corporate name; that, subsequently, section 763 of the Revised Statutes was enacted, and rendered it necessary for the defendant to change its corporate name, and required the defendant to adopt a new name which would describe or indicate its business; and that, as its business was the sale of all kinds of plants and seeds, the defendant selected or adopted its present corporate name. This evidence satisfies us that in making the change, the "Michel Brothers" had no intention of appropriating or diverting the plaintiff's trade.

But the plaintiff urges several reasons why the evidence in the case does show a preconceived fraudulent purpose by the defendant's stockholders in assuming its present corporate name; that, when the present name was first mentioned, Ernst Michel suggested that the plaintiff might object to the use of the word "plant," and that this showed a consciousness on the part of the defendant's stockholders that the selection of the name made by the defendant would prove detrimental to the plaintiff's business.

We cannot adopt this view. This circumstance rather impresses us with the idea that Ernst Michel

supposed that the plaintiff had the legal right to object to the use of the word "plant" by any other corporation, for the very reason afterwards and now urged by it, i. e., that the word was the name of its founders and principal stockholders, and that the use of the word was, ipso facto, an infringement of its legal rights. ·

The plaintiff also insists that the location of the defendant's seed store, in 1884, in close proximity to the plaintiff's place of business, of itself shows that "the Michels" had determined on a "piratical policy" in the outstart, and that they changed the defendant's place of business to enable them to more successfully mislead the public, and secure the plaintiff's customers.

We cannot agree with the plaintiff in this conclusion. The evidence clearly shows that the defendant's place of business on Olive street, prior to 1884, was not a favorable locality for the retail seed trade, and that the portion of the city in the vicinity of the plaintiff's place of business was the best for the sale of garden and grass seeds, because the farmers of Illinois and St. Louis county generally congregated there for the purpose of disposing of their products. This affords a good and sufficient reason for the removal of the defendant's seed store to its present location. That this change produced a falling off in the plaintiff's retail or counter trade, as shown by its testimony, is quite probable, but that was, we think, the result of competition in trade, which the plaintiff must expect to encounter in this busy and pushing business world.

The plaintiff's evidence tended to show that, in 1886 and 1887, one Chapman, a clerk in the defendant's seed store, represented to several of the plaintiff's customers that the defendant's store was the plaintiff's place of business, and that Chapman, by such fraudulent representations, succeeded in selling goods to several of the plaintiff's customers; and plaintiff claims that this furnishes some evidence of an original fraudulent purpose. Chapman denied making any such representations. But, assuming this to be true, it does not

and ought not to have the probative force or effect claimed by the plaintiff, unless the defendant authorized, or had knowledge of the fraudulent conduct of its salesman, or afterwards ratified it. There is no proof that Chapman made any such fraudulent representations with the knowledge or consent of the defendant.

It is urged that it must be held that defendant ratified the acts of Chapman by retaining him in its employ, after the depositions of the plaintiff's witnesses, establishing the fact, had been taken. This position is untenable, because Chapman flatly denied that he had made these representations, and the defendant had the right to believe him in preferenee to the plaintiff's witnesses.

If it be true that Chapman did make the false representations claimed by the plaintiff, this might afford the basis of an action for damages, but it could not be regarded as a reason why a court of equity should enjoin the defendant in the use of its corporate name. *Alden v. Gross*, 25 Mo. 132.

There was evidence of confusion in the delivery of mail matter and mistakes in the sending of orders, which, in the opinion of the trial court, might have resulted from the careless use of the script sign "&" in the defendant's printed catalogues, and other advertisements. And, in the opinion of the court, these difficulties could, in a great measure, be obviated by requiring defendant, in the use of its corporate name, to have the word "and" printed in letters of equal size with those used in the other words of the corporate name. To this extent it may be that the plaintiff was entitled to relief.

It is urged that the plaintiff's evidence shows that the plaintiff's business was diverted, and the public deceived, by the similarity of the plaintiff's and the defendant's corporate names, and that, as facts are stronger than theories, the plaintiff is entitled to the relief asked. The evidence in the case shows this to

some extent, but we think this resulted from want of ordinary care and observations on the part of the plaintiff's customers, or from the careless use, by the defendant, of the script sign " & " in its painted signs, catalogues and advertisements, as found by the trial court.

It seems that the defendant was satisfied with the decree as rendered, and, as appears from the brief of its counsel, has conformed its business to the requirements of the decree.

It has only been possible for us in this opinion to notice the stronger points relied on by the plaintiff for a reversal, but the entire record has received our attention, and we have been unable to give our consent to the plaintiff's theory of the case, which has been so ably presented by its counsel.

The court divided the costs between the parties, and the plaintiff insists that the court had no right to do this, and that the decree should be so modified as to adjudge all the costs against the defendant.

The question of the power of trial courts to apportion the costs in an equity case has been fully discussed in the recent case of *Turner v. Johnson*, 95 Mo. 453. In this case the supreme court held that when "substantial issues are found for one party and like issues found for the other, the taxation of costs will rest in the discretion of the court, and will not be disturbed unless there has been a clear abuse of that discretion. This discretion is vested in the court when the verdict is for one party on one count or defense, and for the other party on another count or defense, and there is no reason why the principle should not be applied in equity suits, though there be but one count, there being distinct issues. R. S., sec. 1002.

In the case under consideration, there were several issues, and while the decree recites the fact in a formal way, that the issues were found for plaintiff, yet it is quite evident, from the *relief* granted, that the *material*

*issues* in the case were found for the defendant. The evidence in the case tended to prove that the careless use of the script sign " & " in the defendant's corporate name might have produced some of the confusion in the plaintiff's business, and might have had a tendency to mislead transient customers, and, for the purpose of obviating this, the plaintiff was granted relief. As to the main issues in the case, to-wit : The "*fraudulent intention*" of the defendant in making the change in its name, the court certainly found for the defendant.

We are of the opinion, that the adjustment of the costs as made by the trial court was equitable, and we are not inclined to modify the decree in that respect. The judgment will be affirmed. Judge THOMPSON concurs. Judge ROMBAUER concurs in the result.