PASCHAL P. MATHEWS *et al.*

*v.*

GEORGE COWAN *et al.*

1. SALE OF CHATTELS—*delivery—trover—case.* Where a person sold to another a quantity of flour, for cash, to be delivered by a particular day, and a portion was delivered and paid for previous to that day, and the balance was delivered on the last day for delivery, which was on Saturday,

and on its delivery the purchaser drew a check on a bank, but on being presented on the same day, it was dishonored, and the declaration avers that the delivery was obtained by fraud, on a trial in such a case, it is error to instruct the jury that if there was such fraud as would allow the seller to maintain trover or case against the buyer and his partner who held the flour, a design to defraud the seller must have existed when the purchase was made.

2. CONTRACT—*minor.* Where a minor makes such a purchase, and procures the delivery by fraud, he will be liable as in tort. The mere fact that he made the contract, and by fraudulent means obtained possession of the property, will not shield him from liability to suit, in case or in trover.

3. CHECKS—*fraudulent.* Where a person draws a check on a person in whose hands he has no funds, and who, he has no reason to believe, will honor the check, the drawer is guilty of a fraud, and in such a case as the present, it is error to refuse to so instruct the jury.

4. SALE—*payment.* Where property is sold, to be paid for on delivery and it is delivered, and the purchaser, refusing to make payment, appropriates the property to his own use, trover will lie. In such a sale, payment is a condition precedent; but if the seller deliver fully and unconditionally, he thereby waives the condition of precedent payment, and the right of property passes to the purchaser; but if there is no waiver, it is otherwise, and the rule does not apply where the goods are delivered with the expectation of simultaneous payment, and the purchaser holds the property and refuses to pay—that amounts to a conversion. A check not drawn against funds, is not payment; it is received but as a means of payment.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. DENT & BLACK, for appellants.

Messrs. HERVEY, ANTHONY & GALT, for appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, with a count in trover, brought by the appellants against the appellees, for the conversion of three hundred barrels of flour delivered to the latter by the former, December 3d, 1870, as upon a sale for cash, but not paid for, the appellees having given therefor a check for $1473, on the Manufacturers' National Bank of Chicago, which check was dishonored, and by reason of such dishonor,

and the insolvency of the appellees, the flour being lost to appellants.

The special count in the declaration alleges, in substance, that on the 3d day of December, 1870, the defendants, knowing themselves to be insolvent, but wrongfully intending to defraud the plaintiffs of the flour, fraudulently induced the plaintiffs to deliver the same to defendants, on the false and fraudulent pretense of the latter that they would pay therefor on delivery; in pursuance of which false and fraudulent pretense, defendants drew said check, payable on demand, and fraudulently and deceitfully delivered it to plaintiffs, as and for a good check, the defendants knowing that it was not good and would not be honored; that the check was dishonered, defendants having no funds in bank to meet it, and was and is worthless, whereby the flour became lost to plaintiffs, etc.

On the trial, evidence was introduced of the delivery of three hundred barrels of flour to the defendants, on December 3d, 1870, being Saturday; that the sale was for cash; that this delivery completed the delivery of five hundred barrels, sold by plaintiffs to defendants, November 23d, 1870, two hundred of which had been previously delivered and paid for; that on the delivery, Haven, one of the defendants, promised to give a check for the three hundred barrels on 'change, (lasting from eleven A. M. to one P. M.,) but that the check was delivered at plaintiff's office at 2:30 to 2:40 that afternoon; that it was dishonored, and on seeing Cowan, the other defendant, the next Monday morning, the latter said, Haven knew their checks were thrown out at one P. M. Saturday. Cowan and Haven were in partnership, and there was evidence that no assets could be found, and tending to show the insolvency of the defendants.

The following instruction was given for the defendants, and excepted to:

"The jury are instructed, that it is the intention of the defendant, Haven, when he bought this flour of the plaintiffs,

344        MATHEWS *et al. v.* COWAN *et al.*        [Sept. T.,

Opinion of the Court.

on the 23d day of November, that is, whether he expected or intended to pay for the flour when he bought it, or whether he intended to cheat the plaintiffs out of it, which is to determine the defendant Haven's liability in this case, and not what transpired on the 3d day of December, when this check was given ; and if the jury find, from the evidence, that Haven was a minor, and bought this flour in good faith, and in the usual course of business, and with a reasonable expectation. of paying for the same, then the jury should find the defendant Haven not guilty ; and in determining the question of intent, it is proper the jury should take into consideration what transpired subsequently in the said Haven's business, between the purchase of this flour and the day this check was given ; and if the jury should find, from the evidence, that the defendant Haven bought a large amount of flour from other parties after he bought this of plaintiffs, and before this check was given, and that he paid for the same, and that he paid for two hundred barrels of this same purchase, for the balance of which this suit is brought, the jury have a right to take this into consideration in determining whether the defendant Haven expected and intended to pay for this flour when he bought it of the plaintiffs."

The following instruction, without the italicized words in it, was asked for by the plaintiffs, and refused, which was excepted to, and thereupon the court, of its own motion, inserted in it the words italicized, and, as thus modified, gave it to the jury, to which the plaintiffs excepted :

" There are two issues presented in this case. One relates to the merits of the suit, and upon it the verdict should be for the plaintiffs, if the jury believe, from the evidence, that the plaintiffs were in possession of the three hundred barrels of flour in question, as of their own property, and that the defendants, Cowan & Haven, being insolvent and knowing themselves to be insolvent, *with the fraudulent intention, at the time, of cheating the defendants out of said flour, contracted with*

*the defendants for the flour, and* procured plaintiffs to deliver said flour to them on the *false* pretense that the defendants would pay for the same on delivery; and if the jury further believe, from the evidence, that the defendants, *in pursuance of such fraudulent intention,* gave to the plaintiffs in payment for the same, the check in question, as and for a good check, knowing the same to be drawn without funds in bank to meet the same, and without any reasonable or well grounded expectation that the same would be paid; and if the jury further believe, from the evidence, that the defendants wrongfully, or under such circumstances as are above stated, converted the property to their own use, so that the same became lost to the plaintiffs."

Among the errors assigned, are the giving of the foregoing instructions, with others of like import. They are erroneous, in requiring that the supposed fraud should have been meditated at the time of the contract for the purchase of the flour, on the 23d day of November. That is not the case made by the declaration. It complains of no fraud as practiced, or intended, at the time of making the contract of purchase, but only charges, that on the 3d day of December, the delivery of the flour was obtained by fraudulent contrivance. There might have been entire fairness in the making of the contract to purchase on the 23d of November, and an honest purpose then to pay for the flour on delivery; and yet, on the 3d day of December, a gross and actionable fraud might have been practiced in getting possession of the flour without paying for it, under a fraudulent pretense of doing so.

The position is taken by the appellee's counsel, that the basis of the action was a contract, and that, as Haven was an infant, he is exempt from liability; and a class of authorities is cited to the effect, that though, for mere torts, an infant is legally liable as an adult is, the fraudulent act to charge him must be wholly tortious; and a matter arising *ex contractu,* though infected with fraud, can not be changed into a tort in

order to charge the infant in trover or case, by a change in the form of the action.

But we do not regard this case as one at all embraced within the scope of those authorities. Although it arose in the carrying into execution a contract, the transaction, as here complained of, was not really a contract, but we must regard it as a mere tort; and so long as an infant is held responsible for his torts and frauds, we must hold him responsible in damages upon the facts set out in the special count of the declaration.

Error in giving the above instructions, we deem sufficient ground for reversing the judgment, which was for the defendants.

The instructions in the case, given and refused, are voluminous, which it is not thought worth while to consider severally.

In particularizing the above, however, we would not be understood as impliedly sanctioning the others that were given for the defendants, or the refusal of other ones asked by the plaintiffs.

For instance, those asked by the plaintiffs, asserting the right of recovery in case the check was given, knowing it not to be good, we think should have been given. Such conduct would have amounted to a fraud and imposition upon the plaintiffs, which the defendants should not take advantage of, to hold the property as against the plaintiffs, on the plea of infancy in Haven, who gave the check, or that Cowan did not participate in the transaction—the flour having gone to the use of the partnership.

And we perceive no substantial objection to the instruction asked by plaintiffs, allowing a right of recovery under the count in trover, without reference to any intentional fraud, in case the sale was for cash, and the defendants appropriated to their own use the flour, without payment of the price, and without any waiver by plaintiffs of the condition of payment on delivery.

In the case of a sale for cash, the payment of the price is a condition precedent, implied in the contract of sale. If the seller does deliver freely and absolutely, and without any fraudulent contrivance on the part of the buyer to obtain possession, and without exacting or expecting simultaneous payment, the precedent condition of payment is waived, and the right of property passes. But Mr. Chancellor KENT says, this rule is understood not to apply to cases where payment is expected simultaneously with delivery, and is omitted, evaded or refused by the vendee, on getting the goods under his control; for the delivery, in such case, is merely conditional, and the non-payment would be an act of fraud, entering into the original agreement, which would render the whole contract void, and the seller would have a right, instantly, to reclaim the goods. 2 Kent Com. 666.

A check is always supposed to be drawn upon a previous deposit of funds, Story on Prom. Notes, sec. 489,—the giving of the check was not payment of the money; the taking of it was but as a means of obtaining the money. *King* v. *Strong,* 35 Ill. 9. And being utterly futile to that end, the purchase price was not paid, and we are of opinion the precedent condition of its payment was not waived by the delivery under such circumstances, and that, as between buyer and seller, the property never passed from the plaintiffs to the defendants, and the appropriation of the flour by the defendants, to their own use, was a conversion of the plaintiffs' property. See *Tyler* v. *Freeman,* 3 Cush. 261; *Hill* v. *Freeman,* ibid. 257.

The judgment is reversed and the cause remanded.

*Judgment reversed.**

---

*ELEAZER W. DENSMORE *et al.* v. GEORGE COWAN *et al.*

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Per CURIAM: The facts in this case are substantially the same as in the preceding case of *Mathews et al.* v. *Cowan et al.*

The decision in that case must control this.

The judgment is reversed and the cause remanded.

*Judgment reversed.*