MINTER BROS., Respondents, v. THE KANSAS CITY HARDWARE COMPANY, Appellant.

Kansas City Court of Appeals, May 16, 1892.

Practice, Appellate: NO REVERSAL, WHEN. When all the instructions are taken together, and there could, in reason, be no misconception as to the law of the case, there can be no reversal.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*J. B. Hamner*, for appellant.

*Teasdale, Ingraham & Cowherd*, for respondents.

ELLISON, J.—Charles St. Clair owned and conducted a ten-cent store in Kansas City. About March 22, 1888, this store was closed under an attachment in the hands of a constable. At that time St. Clair owed respondents, and came to them and told them he would pay them the debt he owed them by giving them a bill of sale if they would pay off the attachment on the stock, which the Minters agreed to do, and St. Clair agreed to, and did, give them an absolute bill of sale of the stock on March 24, 1888, in which the consideration was expressed as $225, being the

amount he owed the Minters and the debt and cost in the attachment case. After the execution of this bill of sale, Minters settled the attachment and then discovered that there were other attachments on the property; these were paid off by Minters and St. Clair executed another writing on March 29, 1888, reciting the amount of the increased consideration paid, viz., $352.08. Minters took possession on March 29, 1888, and were in actual possession as owners on March 30, 1888, when the property was attached by a constable under a writ of attachment sued out by appellant against St. Clair. The constable took a portion of the stock, and sold it under a judgment rendered in the attachment case. The stock so levied on and sold by the constable was worth between $400 and $500. Respondents then instituted this action, and appellants set up in their answer, as a defense of their wrong, that a secret agreement was had between respondents and St. Clair, whereby, after certain debts of the latter were paid out of the stock or proceeds thereof, the balance should be turned over to St. Clair. This answer was denied by respondents, and on this issue the case was submitted to a jury under instructions and a verdict rendered for respondents.

This case is easily disposed of. The only errors assigned relate to giving and refusing instructions. The criticism on some of plaintiff's instructions is well founded, and, if there had been no instructions for defendant, would have justified a reversal of the judgment. But when all the instructions are taken together we find that there could not, in reason, be any misconception as to the law of the case. Together, they properly declare the law applicable to the testimony. Under the ruling in the *Sullivan case*, 88 Mo. 169, we would sustain defendant's appeal. But that case, in a series of decisions since, has been overruled.

The defendant's fourth instruction was properly refused, in that it selected out and gave prominence to part of the evidence in the cause and amounted to a comment thereon. This has been repeatedly held by the appellate courts of the state to be erroneous.

A careful examination of all the suggestions of appellant's counsel has failed to convince us that the judgment should be reversed, and we, therefore, order its affirmance. All concur.