Moore & Bier, Respondents, v. Ira Hinsdale, Appellant.

Kansas City Court of Appeals, December 5, 1895.

1. Sales: FRAUD AND DECEIT: RESCISSION: INSTRUCTIONS.    Where a vendor rescinds a sale on the ground of false representations, he is entitled to recover only goods sold in reliance on such representations and not goods sold prior to the making thereof, and instructions relating to such recovery are considered, approved and disapproved in this opinion.

2. ———: ———: ———: ———.    False and fraudulent representations inducing a sale are sufficient of themselves to warrant a rescission without imposing on the vendor the additional burden of proving that at the time of the sale the vendee did not intend to pay for them, which in itself would have been a sufficient cause for a rescission, and an instruction submitting such question to the jury is appproved.

3. ———: ———: EVIDENCE: HEARSAY.    In an action to rescind a sale on the ground of false representations it is error to admit evidence of communication to the vendor not authorized by the vendee, as also an appraisal of unidentified goods.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

REVERSED AND REMANDED.

JOHN MONTGOMERY, JR., and GEO. P. B. JACKSON for appellant.

(1) The court erred in permitting the examination of the witness Lovinger relative to the statement made by him to Dun's agent at Sedalia. It was made without the knowledge or authority of David. The court so ruled and excluded the paper. The same reasons rendered the contents incompetent and made it error to admit them. (2) The court also erred in permitting plaintiffs to interrogate their witnesses concerning statements made at other times than on the occasion of the sale of the goods sued for. (3) It was error to admit the statements and recommendations by Mossler to plaintiffs. They did not purport to communicate any representation made by David nor to be based on any representation made by him. (4) The court erred in permitting plaintiffs to read the several depositions of Louis Moore, one of their number. They were not based on any personal knowledge of Mr. Moore, and were pure hearsay, repeating statements of Mossler, Rothchild and the Dun Agency, not based on any representation made by David or with his authority. (5) It was error to admit Rothchild's deposition. The goods were seized in Sedalia, Missouri. He pretended to appraise them in Rochester, New York. There was no pretense of any identification of the goods in any manner. (6) The court committed further error in admitting proof of the amount realized by the trustee from sale of goods other than those replevied in this case; in permitting plaintiffs to

interrogate their own witnesses as to supposed statements in depositions and elsewhere, and to inquire of the witness David as to pretended statements in his deposition given subsequent to the deed to defendant. (7) There was further error in giving plaintiffs' instructions. (8) The court erred in refusing and amending defendant's instructions. Beebe v. Hatfield, 67 Mo. App. 609–616; Bidault v. Wales, 20 Mo. 546.

SANGREE & LAMM and I. J. RINGOLSKY for respondents.

(1) The court did not err in permitting plaintiffs to interrogate the witness Lovinger as to the contents of the written statement made to Dun's Mercantile Agency. (2) It was error of the court in favor of defendant in excluding the signed statement from the jury. Cummings v. Hurd, 49 Mo. App. 139; Sharp v. Knox, 48 Mo. App. 169; Mitchum v. Dunlap, 98 Mo. 418; Hull v. Jones, 69 Mo. 587. (3) It was absolutely proper and legal to show by the testimony the representations made by David to Mossler, and the fact that Mossler, relying on them, reported such statements to plaintiffs, and recommended David for credit. Kirkendall, Jones & Co. v. Hartsock, 58 Mo. App. 234; Porter v. Layhe, 67 Mo. App. 540; Beebe v. Hatfield, 67 Mo. App. 609, 616. (4) The first instruction is predicated on what David said and did for the "purpose of getting the goods in controversy on credit." This instruction embodies the law as frequently declared by this court. Bank v. Crandall, 87 Mo. 208; Cook v. Harrington, 31 Mo. App. 199; see authorities under point 3. (5) The second instruction is supported by recent authority. Strauss, Pritz & Co. v. Hirsch, 63 Mo. App. 95–110; see authorities cited under point number 3. (6) The third, fourth and fifth instructions given for plaintiff substantially declare the law in

this state and has frequently been approved by our appellate courts. Gordon v. Ismay, 55 Mo. App. 323–325; Garesche v. McDonald, 103 Mo. 1. (7) The court properly refused to give defendant's second instruction; it was a peremptory instruction to find for defendant, as to certain goods. (8) The instructions given for plaintiffs are fully sustained by authorities heretofore cited; and the second instruction given for plaintiffs is, in exact language, the instructions approved by this court in Strauss, Pritz & Co. v. Hirsch & Co., 63 Mo. App. 95.

SMITH, P. J.—Action replevin. Daniel David, who had for many years been engaged in the retail clothing business, on May 19, 1892, executed to STATEMENT: one Cloney, as trustee, a certain deed of trust whereby he conveyed to said trustee his stock of clothing for the purpose of securing certain creditors therein named; that on the next day the said David, by deed of assigment for the benefit of his creditors, conveyed the said stock of clothing to said Cloney, subject to said prior deed of trust. Since this action was commenced Cloney has died and defendant Hinsdale has become administrator of his estate.

In the months of August, September and October, 1891, the plaintiffs sold the said David three bills of clothing amounting to $1,089. Goods of the invoice price of $434 were returned, thus reducing these purchases to $655. Between the months of January and May, 1892, the plaintiffs sold the said David three bills of clothing amounting to $1,019. The plaintiffs in their brief state that, *this suit was brought to recover only the goods sold by them to said David after January 1, 1892, and that these are the only goods in controversy.* The invoice value of the goods taken by the sheriff under the plaintiffs' writ was $1,586. It is thus seen that the

plaintiffs have taken under their writ goods in excess of their claim amounting, according to the invoice value, to $567. The defendant produced the invoices of the said purchases of 1892, and by comparing the same with the sheriff's return on the writ it plainly appears that goods were seized by him not included in said invoices of the value of something like $900; or, in other words, it appears that of the goods seized by the sheriff not more than about $600 were of the purchases of 1892.

Now if it be conceded that David made to the plaintiffs' agent, Mossler, false representations as to his pecuniary responsibility, which were known to have been false at the time of making the same, and that such representations were made with the intention to deceive plaintiffs, whereby they were induced to part with their goods, and that they relied on the same in making the sale to David, and that plaintiffs, in consequence thereof, are entitled to a rescission of the contract and to recover back the goods, yet the plaintiffs' instruction number 1, submitting the case to the jury on this theory, was manifestly erroneous because it authorized by its very terms a recovery of all the goods levied on without reference to the time when the same were purchased. As has already been stated, it stands admitted that the fraudulent statements which the evidence tends to show were made by David to plaintiffs' agent affected only the sales made after January 1, 1892. It is not contended that the sales made by the plaintiffs to David prior to January, 1892, were influenced by any fraud of David. The validity of such prior sales is not attacked.

*SALES: fraud and deceit: rescission: instructions.*

The plaintiffs' second instruction, which told the jury that if plaintiffs sold the goods in controversy to David and that at the time of the purchase of the same

the latter did not intend to pay therefor, or knew that he would not be able to do so, their verdict should be for plaintiffs, was erroneous for a like reason. It should have advised the jury, as it did not, that if they found for plaintiffs they must limit their finding to those goods in controversy, which were those purchased by David subsequent to January 1, 1892. It follows from this that the defendant's third instruction should have been given without the modification appended thereto by the court. There was no evidence adduced authorizing the modification.

The defendant requested the court by his eighth instruction to tell the jury that, to entitle the plaintiffs to recover in this cause, it devolves upon them to prove to the satisfaction of the jury that they were led and induced to sell the goods in controversy to Daniel David by false and fraudulent representations made before such sale by the said Daniel David as to his said financial condition at the time of said sale, and that such false statements and representations were communicated to the plaintiffs before said sale and that the plaintiffs were induced by false and fraudulent representations and statements, if any were so made by the said Daniel David, and not by information obtained from other persons or statements made by the said Daniel David long prior to the said purchase, as to his financial condition, *and also at the time of the purchase of said goods the said David had a preconceived design and purpose of never paying for said goods at any time.* The court modified this instruction by striking therefrom the italicised portion thereof, and then gave it as thus modified. If the facts hypothesized in its modified form were found, this entitled plaintiffs to a rescission of the contract of sale. Porter v. Leyhe, 67 Mo. App.

540; Beebe v. Hatfield, 67 Mo. App. 615; Bank v. Crandall, 87 Mo. 208.

The rule embodied in the modification as an independent proposition is undoubtedly a correct expression of the law, for it is now well settled in this state that where a vendee buys goods with a preconceived intention of never paying for them or where he knows he can never pay for them he commits a fraud on the vendor which entitles the latter to a rescission of the sale. Bidault v. Wales, 19 Mo. 36; Bidault v. Wales, 20 Mo. 550; Fox v. Webster, 46 Mo. 181; Strauss v. Hirsch, 63 Mo. App. 95. But the plaintiffs would have a right to recover if the facts assumed in the defendant's said instruction were found to exist, without reference to the modification thereof, and therefore it would have been improper to have required the jury to find both the facts of the instruction as given and those of the modification before the plaintiffs could be allowed to recover. Plaintiffs were entitled to recover if the jury found the facts embraced in either the instruction as given or in the modification thereof.

As the judgment must be reversed and the cause remanded for further trial it is proper to say that the first six points of objection urged by defendant in his brief to the action of the trial court in respect to the admission of evidence we think should be sustained.

—:—: evidence: hearsay.

The numerous other grounds assigned for the reversal of the judgment have been examined but found without merit. The judgment will be reversed and cause remanded. All concur.