Stundon v. Dahlenberg.

---

JOHN STUNDON, JR., Appellant, v. GEORGE DAHLENBERG, doing business under the name of THE ST. JOSEPH WOOL COMPANY, Respondent.

Kansas City Court of Appeals, November 23, 1914.

1. PARTNERSHIP: Sales: Check: Payment: Jury Question. Plaintiff bought and paid for some wool and shipped it in his own name to defendant for sale on commission. After the shipment he sold a half interest in the wool to B. on condition that B. would pay him half the cost of the wool. B. gave plaintiff a check which afterwards proved to be worthless. Plaintiff did not accept the check as absolute payment and the proceeds of the wool were to be sent to plaintiff and he would then turn over B's half to him. B. went to defendant and representing himself as a partner sold the wool to him and got the money and decamped. Defendant knew nothing of the relations existing between plaintiff and B. except from the lat-

ter's representations. *Held*, that plaintiff's cases should not have
been taken from the jury.·

2. ——: ——: ——: ——: ——. Plaintiff and B.
were not partners as between themselves since the sale of one-
half the wool was conditioned upon the latter's paying one-
half of the cost thereof and the worthless check was not accepted
in absolute payment thereof.

3. ——: **No Holding Out.** The defendant cannot escape lia-
bility on the ground that there were facts constituting a part-
nership between plaintiff and B. as to third parties, because
defendant knew nothing of such facts. There was no holding
of B. out as a partner to defendant.

Appeal from Buchanan Circuit Court.—*Hon. C. H.
Mayer*, Judge.

REVERSED AND REMANDED.

*Cook, Cummins & Dawson* for appellant.

(1) Whether a partnership existed in the own-
ership of the wool was a question for the jury to de-
termine. Franklin v. Hiller, 15 Ann. Cas. 265; Strauss
v. Hirsch, 63 Mo. App. 95; Morgan v. Tarrell, 18 Am.
St. 282 and note; 30 Cyc. 413. (2) The court erred in
directing a verdict for the defendant. Hall v. Rail-
road, 50 Mo. App. 179; Strauss v. Hirsch, 63 Mo. App.
95; Wright v. Trust Co., 144 Mo. App. 640; Johnston-
Brinkman v. Bank, 116 Mo. 558.

*Culver & Phillips* for respondent.

TRIMBLE, J.—This is a suit to recover the value
of 3615 pounds of wool shipped by plaintiff to de-
fendant. The petition alleges the wool was shipped
to defendant to be sold on commission; that defend-
ant received the wool but has refused to account for
it. ·

The answer admits the receipt of the wool but says
that defendant bought it from plaintiff's partner who

was joint owner of the wool, and that as defendant has paid said partner for it, there is nothing due plaintiff. After plaintiff's evidence had been introduced, a demurrer was offered which the court sustained, and a verdict for defendant was directed. Plaintiff has appealed.

Plaintiff is a live stock dealer and lives at Maryville. Defendant is in the wool business at St. Joseph.

As presented by plaintiff's evidence, the facts are that plaintiff bought the wool and shipped it in his name from Maryville to defendant at St. Joseph. After it had been shipped thus in his name, a man by the name of Bradbury, who was with plaintiff at the time the wool was purchased and shipped, asked plaintiff to let him in on the deal and agreed to pay plaintiff one-half of the cost of the wool in return for which he was to have one-half of the proceeds derived from the sale of the wool. They agreed to this. Bradbury then gave plaintiff a check for one-half of the cost of the wool, and it was agreed that the proceeds derived from the sale of the wool was to be sent to plaintiff's bank at Maryville, at which time plaintiff would pay Bradbury half thereof, Bradbury saying he was satisfied plaintiff would be honest enough to pay him his half when the returns came back.

Plaintiff immediately deposited Bradbury's check in the bank and it was sent, in due course of business, to the bank on which it was drawn, but proved to be worthless. As soon as Bradbury gave his worthless check he went to St. Joseph and told defendant he was a partner owning an interest in the wool, whereupon defendant bought the wool of him paying him therefor (after deducting freight) $472.95, which was $138.55 less than plaintiff had paid for it, and nearly a third less than the market price for it at that time. The moment Bradbury received the money he departed for parts unknown.

When Bradbury's check was found to be worthless, plaintiff got in communication with defendant and learned that the latter had paid Bradbury the money for the wool. Defendant refused to pay anything further and this suit was brought.

Plaintiff's contention is that the question of whether he and Bradbury were partners in the wool was for the jury and that the court should not have directed a verdict; that it is clearly shown by the evidence that Bradbury's interest in the venture was conditioned upon his paying one-half of the cost of the wool; that inasmuch as Bradbury's check was not received as absolute payment, no title passed to Bradbury and he did not become a partner of plaintiffs and, therefore, payment by defendant to Bradbury was not payment for the wool.

We do not agree with plaintiff's other contention that, if Bradbury's check had been good, he would not have obtained a half interest in the wool but would only have gotten a half interest in the proceeds. Clearly the subject of the purchase was the wool and the consequent right to a half interest in what the wool would bring. If Bradbury's check had been good, and something had happened to the wool whereby it could not have been sold or had been lost, certainly Bradbury could not have recovered the money paid on the ground that he was not interested in the wool but had only bought an interest in the proceeds. So that, *if Bradbury's check had been good,* the facts disclosed by plaintiff's evidence would have constituted them partners in this particular wool venture. "A partnership may be organized for a single adventure as well as for the conduct of a continuous business." [30 Cyc. 354.] "Partnership is a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss, in certain proportions." [3 Kent's Com. (14 Ed.), 24.]

And this definition is said to be "most accurate and comprehensive." [30 Cyc. 349.]

Nor is it true, as seems to be claimed by plaintiff, that the question of partnership or no partnership is solely for the jury under any and all circumstances. We agree with defendant that if there is no dispute as to the facts and those facts are such as to constitute, in law, a partnership, then the court may properly declare a partnership to exist and direct a verdict which flows as a necessary legal consequence from that status. [Morgan v. Farrell, 18 Am. St. 282, l. c. 284; Everett v. Chapman, 6 Conn. 347.] In the present status of this case the facts are not in dispute. Therefore the question before us is: Are the facts sufficient in law to constitute Bradbury a partner of plaintiff?

In answer to this it must be said that they are not sufficient to constitute them partners *as between themselves*. Clearly Bradbury's right to an interest in the venture depended upon his paying to plaintiff one-half the cost of the wool. There was no agreement on the part of Stundon, the plaintiff, to accept Bradbury's check as absolute payment for one-half of the wool. Indeed the presumption is that it was not, since the proceeds of the wool were to be returned to plaintiff's bank in Maryville and plaintiff was then to turn over one-half thereof to Bradbury. Certainly this was not to be done if Bradbury's check was worthless. The terms of plaintiff's sale of one-half interest to Bradbury was cash for which the latter gave a check which proved to he worthless. Consequently, no title to, nor interest in, the wool passed from Stundon to Bradbury. [Hall v. Mo. Pac. Ry., 50 Mo. App. 179; Johnson-Brinkman Com. Co. v. Central Bank of Kansas City, 116 Mo. 558, l. c. 570; Wright v. Mississippi Valley Trust Co., 144 Mo. App. 640; Strauss v. Hirch, 63 Mo. App. 95.] And, therefore, Bradbury never became a partner of Stundon's *as between themselves*.

But defendant contends that the above principle does not apply and is immaterial here for the reason that, as regards *outside parties* or the world, they were partners whether they were so as between themselves or not. And stress is laid on certain testimony which tends to show that there was a partnership as to third parties. But *the defendant knew nothing of these alleged facts.* There was nothing done by Stundon in the way of holding Bradbury out as a partner to defendant. Defendant had no knowledge whatever of any facts which justified him in thinking Bradbury was plaintiff's partner. On the contrary, defendant had enough to warn him that he ought to ascertain whether Bradbury was in fact a partner before paying him the money for the wool. It is true Stundon when he shipped the wool did not send defendant the bill of lading, but he put on the shipping tags, attached to the sacks of wool, his own name as the one from whom the wool was shipped, and defendant must have known, from the waybill in the hands of the railroad, who shipped the wool. Besides, defendant in giving his reason for not paying for the wool, discloses that he knew plaintiff, or at least some one beside Bradbury, was interested in the wool. It is also true that plaintiff told Bradbury to tell defendant to send the money to the bank of Maryville, but he says that this is all he told him. This did not authorize Bradbury to misrepresent the situation to defendant and draw the cash on the wool. Nor did it justify defendant in accepting Bradbury's unsupported word that he was a partner of Stundon's. Suppose, instead of merely telling Bradbury to tell defendant to send the money to plaintiff at Maryville, Stundon had sent a letter to defendant by Bradbury in which he had said: "I bought some wool to-day and shipped it to you in my name, but, after doing so, Bradbury wanted in on the deal and I agreed to let him have a half interest on condition that he pay me half what the wool cost me. He has

given me a check which I have deposited in the bank for collection and I have told him to tell you to send the proceeds to me at Maryville." This would not have justified defendant in paying Bradbury the money for the wool. Now, under the circumstances disclosed by the evidence, defendant had less grounds for paying Bradbury the money than if he had gotten such a letter from plaintiff. After receiving the wool, knowing that it was shipped to him by Stundon, he takes the bare unsupported word of Bradbury that he is a partner and authorized to receive the money. What the relations were between defendant and Bradbury or the extent of their acquaintance with each other is not shown. Where he came from and whither he went no one knows. There were no prior relations existing between him and plaintiff which would lead defendant to think all was right. In fact, the negligence of defendant in thus paying the money to Bradbury upon his bare unsupported word, when it was known the wool came from another, without making any effort to find out whether he was in fact a partner or not, is, so to speak, the proximate cause of plaintiff's loss. Plaintiff did nothing to warrant defendant in accepting Bradbury's statement. He did nothing to justify defendant in believing Bradbury was his partner. As he did nothing of this kind and as defendant voluntarily chose to accept Bradbury's word, plaintiff ought not to be barred from any relief as matter of law. Bradbury did not become plaintiff's partner for the reason that he never performed the condition on which he was to become such. He had no authority from plaintiff to represent to defendant that he was a partner. He did not tell defendant the truth about the matter. Consequently, as he was not in fact a partner and had no authority from plaintiff to say he was, plaintiff ought not to be bound by Bradbury's untruthful and unauthorized representations.

What has been said, of course, is in view of the evidence as presented ánd viewed in the most favorable light for plaintiff. What the evidence may disclose when thoroughly gone into on both sides of the case, and what are the inferences to be drawn therefrom will be for the triers of the facts when the case has been submitted to them. But under the plaintiff's evidence as presented, the defendant was not entitled · to have a demurrer sustained. The judgment is, therefore, reversed and the cause remanded. All concur.