FELIX & MARSTON, Appellants, v. J. W. SHIREY & COMPANY, Respondents.

Kansas City Court of Appeals, January 28, 1895.

1. **Definitions:** PERFECTLY SAFE. "Perfectly safe," when applied to a person seeking credit in mercantile transactions, means that such person is in such solvent condition that the debt in contemplation, if necessary, can be made by process of law.

2. **Deceit:** REPRESENTATIONS AS TO CREDIT: CONTRACT. An action on false representations as to solvency is one of fraud and deceit and can be tried with more logical precision by keeping in mind that it is not a case of contract, and that a representation that one is perfectly safe is not a contract that he is, but an expression of belief as to his condition.

3. ————: GUARANTY: GOOD FAITH. If a party contracts that another is solvent, then he must be solvent at all hazards, without regard to good or bad faith in making the affirmation.

4. ————: REPRESENTATIONS: BUSINESS WORTH: SOLVENCY. In order to hold one in making a statement as to the solvency of another for damages resulting from its being false, the element of fraud must enter; and where one represents another to be honest, reliable and worthy of business confidence and perfectly safe, such one may believe him to be honest, reliable and worthy of business confidence and still be liable on the representation as to his being perfectly safe; and though the evidence should show, and the jury believe, him to be honest, reliable and worthy of confidence; that would not relieve the defendant from liability, unless they also found him to be solvent.

5. ————: REPRESENTATIONS AS TO CREDIT: ELEMENTS OF LIABILITY. Where a defendant represents to a plaintiff that a third person is perfectly safe, it amounts to a statement that he is solvent; and if defendants knew at the time that such third person was insolvent, or if they had no knowledge on the subject, and if plaintiffs relied on the statement in extending credit, then defendants are guilty of fraud; but if defendants believed the third party to be solvent, then they are not liable, though he was in fact insolvent.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED.

*Leslie O'Rear* for appellants.

(1) The letter containing the representations declared on, written by defendant firm, goes far beyond the expression of an opinion; it asserts as a positive fact that plaintiffs would be perfectly safe in opening an account with Bean. It is a statement that he is to be safely trusted for the amount of the bill which he will order. The expression, "perfectly safe," is the same in effect (and is a stronger term of the same import) as "good," which has been defined by this court to mean that the party inquired about was at the time solvent, and that the debt could be made by legal process. *Weil v. Schwartz*, 21 Mo. App. 372 at 381; *Dulaney v. Rogers*, 64 Mo. 201. (2) The court erred in instructing the jury; the instructions given at the instance of the defendants are in conflict with those given for the plaintiffs; they can not be reconciled with one another; those given for the defendants are not correct statements of the law applicable to this, or any possible case. It must be observed that this suit is founded on a representation as to the credit or solvency of another. R. S. 1889, sec. 5188. The gist of the action is representing a party to be solvent, knowing him to be insolvent. *Dulaney v. Rogers*, 64 Mo. 201; *Hamlin v. Abell*, 120 Mo. 188.

*D. D. Duggins* and *R. B. Ruff* for respondents.

(1) The letter of date May 24, 1892, was clearly an expression of opinion only as to Bean's honesty and trustworthiness. There is not an intimation in it that Bean had a dollar's worth of property; and, under the evidence in this case, no fraud being shown, there could be no recovery of any kind, as evidence of fraud is absolutely essential. *Walsh v. Morse*, 80

Mo. 573. "An innocent misrepresentation by mistake can not be made the ground of a personal action for fraud, however it may operate upon the contract itself." *Dunn v. White*, 63 Mo. 184. (2) The words used in the letter, "you will be perfectly safe in opening an account with him" will not bear the construction placed upon them. (3) In an action to recover damages for false and fraudulent representation, the intentional deceit is necessary to be found. *Brooking v. Shium*, 25 Mo. App. 280; *Peens v. Davis*, 29 Mo. 189. There is no conflict in the instructions. *Bank v. Armstrong*, 62 Mo. 59; *Vanhouser v. Berghoff*, 90 Mo. 488.

ELLISON, J.—Defendants were engaged in merchandising and sold out their business to one J. A. Bean. They afterward, on May 24, 1892, wrote to plaintiffs, who were wholesale merchants, at Chicago, the following letter: "On November 13, 1891, we sold to James A. Bean our Fayette, Missouri, business and as Mr. Bean will need some goods in your line, we take pleasure in recommending him to you as an honest, reliable business man and worthy of any confidence you may place in him. Should he favor you with an order you would be perfectly safe in opening an account with him." Plaintiff on the faith of this letter sold to Bean a bill of goods on credit, and for which he failed to pay. Plaintiffs have instituted this action against defendants, based on the letter aforesaid. The judgment below was for defendants.

In our opinion, when defendant stated that plaintiffs would be "perfectly safe" in opening an account with Bean, they thereby represented him to be solvent. "Perfectly safe," when applied to a person seeking credit in mercantile transactions, means that such person is in such solvent condition that the debt in

contemplation can be made, if necessary, by process of law. We held where an inquiry was made of one whether another was "good" for a bill of $400, and the answer was that, "I consider him good for all the goods he wants," that the word "good" meant solvent. *Weil v. Schwartz*, 21 Mo. App. 372. But, notwithstanding that the representation here was that Bean was solvent, yet the action is one of fraud and deceit. *Dulaney v. Rogers*, 64 Mo. 201. I think that cases of this nature can be better understood and can be tried with more logical precision by keeping in mind that they are not cases of contract. When defendants represented that Bean was perfectly safe, that is to say, solvent, they did not contract that he was so, but merely gave expression to a belief that such was his condition. If they had contracted or guaranteed that he was solvent, then he must have been so at all hazards, without regard to their good or bad faith in making the affirmation. But when the representation is not contractual—when, as is ordinarily the case, the representation is merely a representation, or statement of fact, in order to hold the party making the statment to a liability for damages resulting from its being false, the element of fraud must enter. Therefore, in order to make out a case against these defendants, it was necessary to show plaintiff relied upon tne statement and that Bean was not only insolvent, but that defendants either knew he was insolvent, or had no knowledge whether he was or not, and yet affirmed that he was solvent. When this is proven, an intention to deceive is sufficiently shown. A case is then made for the plaintiffs, regardless of whether defendants really believed Bean to be an honest, reliable business man and worthy of confidence. The letter not only states him to be honest and reliable, but also states him to be solvent. It seems from the instruc-

tions asked by plaintiffs, that all they rely upon is the representation as to solvency. Yet, notwithstanding this, the defendants assume in their instructions the burden of their having believed him to be honest, reliable and worthy of confidence. It is plain this was done for the reason that the evidence tended strongly to show that plaintiffs did believe him to be honest and reliable and perhaps had good reason to so believe. They may have believed this and still be held on the representation as to being perfectly safe. The representations are separate and distinct. This brings us to the principal error in the case, and the only one, perhaps, which necessarily demands a reversal of the judgment. Defendants' first instruction directs the jury that *before* they could find for plaintiffs, they must believe that Bean "was not an honest, reliable business man, and was not worthy of the confidence that plaintiffs might place in him, and that plaintiff's would not have been safe in opening an account" with him. It was by no means necessary that the jury should believe Bean was not honest, or reliable, or worthy of confidence, before they could find for plaintiffs. The instruction is directly in the face of what the jury should be authorized to do; that is, to find for plaintiffs, although defendants believed Bean to be, or he actually was, an honest and upright man, provided the case was made out as to his insolvency. This error in the instruction is further emphasized by a statement further along, wherein the jury are told that defendants must have known at the time the letter was written that Bean was not an honest man and was not worthy of confidence, omitting all reference to his being perfectly safe. Thus, an inconsequential matter, so far as developed in this case, is made to be the principal matter upon which defendants must rely to make their case. The wording of this instruction is such as

amounts to a direction in the line we have indicated. Other instructions, differing in their phraseology from the one just commented upon, put the easy burden on defendants of their belief in Bean's honesty, *in addition* to his solvency. Thus, the second instruction directs the jury that if at the time defendants wrote the letter, they "believe that J. A. Bean was an honest, reliable business man and worthy of plaintiff's confidence, and the plaintiffs would be safe in opening an account with him," and the letter was not written for the fraudulent purpose, etc., the finding should be for defendants. This instruction and the third are unobjectionable as presenting a proper theory of defense.

Without undertaking to pass on the facts of the case and, of course, without knowledge of what may develop on another trial, we may, however, state that the case could be relieved of much superfluous matter by an instruction for plaintiffs embodying information to the jury that when defendants represented Bean to be "perfectly safe," it amounted to a statement that he was solvent; and if defendants knew at the time they made such statement that he was insolvent, or if they had no knowledge on the subject, and yet made the statement, and if plaintiffs relied upon the statement in extending credit to Bean, then they were guilty of a fraud upon plaintiffs. On the other hand, the jury should be directed in behalf of defendants, that if defendants believed Bean to be solvent and wrote the letter in good faith, then they were not liable to the action, although Bean was, in fact, insolvent. Conceding Bean to have been insolvent, and that plaintiff relied upon the letter in extending him credit, then the whole matter depends upon the good or bad faith on the part of defendants in writing the letter.

The judgment will be reversed and the cause remanded. All concur.