## OSCAR CHAPPELL, Appellant, v. W. S. BORAM and OAKLAND BORAM, Respondents.

Kansas City Court of Appeals, November 20, 1911.

1. **ACTIONS: Fraud and Deceit: Warranty: Instructions.** Plaintiff bought ten hogs of defendants. He claims that they were infected with cholera and that he was damaged thereby. He sued in three counts, two founded on fraud and deceit, and one on a breach of an express warranty. There was sufficient evidence to submit both of these issues to the jury. The trial court instructed the jury that they could not find for the plaintiff unless they believed the defendants knew of the existence of the cholera at the time

the hogs were sold, and thereby erroneously took from the jury the issue of whether there had been a breach of said warranty.

2. ——: ——: ——. In actions for false representations, knowledge of the falsity is an essential element. Such knowledge may be actual, or may be implied where the person making the representation affirms a fact to be true when he knows that he is ignorant as to whether it is true or false. Such an action is grounded on tort. A warranty is a contract. Its essential elements are first, a representation of a material fact not open to discovery by ordinary inspection, made by the vendor with the obvious intent that it will be relied on by the vendee, and second, a reliance thereon by the vendor. In an action on a warranty it is immaterial whether the warrantor does or does not know the truth of the fact warranted.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED AND REMANDED.

*E. F. Nelson* and *I. M. Wattenbarger* for appellant.

(1) To establish a warranty. The word "warrant," nor any other word of precisely the same meaning, need not be used; it is enough if the words actually used impart an undertaking on the part of the owners that the chattel is what it is represented and be, or an equivalent to such an undertaking. Carter v. Black, 46 Mo. 384; Anthony v. Potts, 63 Mo. App. 517. (2) Any affirmation made by the vendor at the time of the sale, in relation to the goods sold, is a warranty, if so meant by the seller and understood by the buyer, and if it is the affirmative statement of a material fact, and not a mere expression of opinion. Smithers v. Bircher, 2 Mo. App., 499. It is immaterial that such statement was made in good faith and the vendor was innocently mistaken. Smithers v. Bircher, 2 Mo. App. 499. (3) The intention of the vendor to warrant the soundness of an animal for the purpose of inducing the purchase, and the reliance of the vendee upon the representations made to that end, continue an express war-

ranty without the use of formal words. Young v. Vanhatta, 113 Mo. App. 550; Childs v. Everson, 117 Mo. App. 671. (4) Where the seller makes some positive representation or averment with respect to the article sold, upon which he intends that the purchaser shall rely, they constitute an express warranty. Haines v. Neece, 116 Mo. App. 499.

*Jno. W. Bingham* and *Jno. W. Clapp* for respondents.

JOHNSON, J.—Plaintiff bought ten hogs of defendants and, claiming they were affected by cholera at the time of the sale and that their diseased condition was latent and not open to ordinary inspection, seeks in his petition to recover damages from defendants on three grounds, each of which is made the subject of a separate count. In the first count plaintiff alleges that defendants, knowing the hogs were diseased, falsely represented them to be sound. In the second, there is no allegation that defendants had knowledge of the true condition of the hogs and the cause pleaded is founded on the representation of soundness, the falsity of that representation, and plaintiff's reliance upon it. The third contains no allegation of false representation but states a cause of action on the alleged facts that the hogs had cholera and that defendants knew their condition and fraudulently concealed the fact from plaintiff. Briefly stated, the first and third counts plead causes founded on fraud and deceit, while the second alleges a breach of an express warranty. The trial of the issues resulted in a verdict and judgment for defendants and plaintiff brought the case here by appeal.

It satisfies present purposes to say of the evidence introduced by plaintiff that it presents two hypotheses of fact, either of which the jury would have been justified in accepting. First, that the hogs had cholera and,

without knowledge of the fact, defendants represented them to be sound and that plaintiff relied on the representation. Second that defendants represented the hogs to be sound without knowledge of the falsity of such representation and that plaintiff relied on the representation which was made by defendants with the intention of inducing plaintiff to rely upon it.

The evidence of defendants tended to show that the hogs were not diseased at the time of sale, that no representations as to soundness were made and that the disease which manifested itself in plaintiff's pens, a short time after he placed the hogs in them, was brought there by other hogs recently bought by plaintiff of a stranger to this transaction.

The errors assigned by plaintiff relate to the rulings of the trial court on the instructions to the jury. The following instruction offered by plaintiff was refused:

"The court instructs the jury that if they believe from evidence that plaintiff purchased from defendants the ten head of shoats testified to in evidence, and paid defendants therefor, and that said shoats were delivered to plaintiff on his farm and that at the time of such sale and delivery defendants, or either of them, represented to plaintiff that said shoats were sound and free from disease, and that said shoats were at that time infected with a latent, dangerous and contagious disease, to-wit: cholera, and that plaintiff was ignorant of that fact and relying on the representations, if the jury find such representations were made, purchased and paid for said hogs, and that eight of said shoats died from said disease, and that said disease was communicated by said shoats to a number of plaintiff's hogs, which defendants, or either of them, knew or had good reason to believe, were at such time kept on plaintiff's farm, and that said hogs of plaintiff died from such disease, then the jury must find for the plaintiff in such sum as they may believe from the evidence

he has been damaged, not exceeding, however, the sum of three hundred and fifty dollars."

Among the instructions given by the court at the request of defendants was the following:

"The court instructs the jury that before you can find for the plaintiff in this case, you must find and believe from a preponderance of the evidence that at the time of the sale and delivery of the ten shoats to plaintiff the defendants, or either of them, represented the hogs to be free from disease and in good condition and that plaintiff relied upon such representations and that the hogs were not in fact sound and free from disease and that defendants, or either of them, knew at the time of the sale and delivery that the hogs were not sound and free from disease, but were infected with cholera, and unless you so find, your verdict must be for the defendants."

An analysis of these rulings discloses that the court refused to submit to the jury the hypothesis of the liability of the vendors to respond in damages for a breach of an express warranty of soundness without including therein the element of knowledge on the part of the vendors of the falsity of the representation constituting the warranty. So far as the causes pleaded in the first and third counts are concerned this view of the law of the case is not subject to adverse criticism. In actions for false and fraudulent representations, knowledge of the vendor of the falsity of the facts represented is an essential element of the cause of action. True, such knowledge will be implied as a matter of law from representations recklessly made in ignorance of the truth. [Dunn v. White, 63 Mo. 181; Dulaney v. Rogers, 64 Mo. 201; Hamlin v. Abell, 120 Mo. 188.] But the very essence of fraudulent deceit is the guilty knowledge of the deceiver, actually or constructively possessed by him. A cause of action for breach of warranty is fundamentally different from one for fraud and deceit. The latter is grounded in tort while the former

is in contract. A warranty is a contract and no contract can exist without the consent of the two contracting parties. In cases such as the present where the alleged contract of warranty is not in writing but consists of oral representations, the elements essential to the contract are first, a representation of a material fact, not open to discovery by ordinary inspection, made by the vendor with the obvious intent of inducing the vendee to rely upon the truth of the representations and second, the reliance of the vendee on the representations. The rule thus is aptly stated in the old case of Edwards v. Marcy, 84 Mass. 1. c. 489:

"It is well settled, that neither the word warrant, nor any precise form of expression, is necessary to create an express warranty; but it may, under certain circumstances, result from any affirmation of the quality or condition of personal chattels made by the vendor at the time of the sale. A bare affirmation, not intended by the vendor to have that effect, will not constitute a warranty; and this for the plain reason, that a warranty, in its nature, is a contract, and no contract or agreement can be made or entered into without the consent and cooperation of two contracting parties. The rule of law upon this subject is clearly and accurately stated, in the case of Osgood v. Lewis, 2 Har. & Gill, 495, to be, that any affirmation of the quality or condition of the thing sold, made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth of the fact affirmed and inducing him to make the purchase, if so received and relied on by the purchaser, is an express warranty. The same principle, and with the like qualifications, is recognized and asserted in substantially the same terms by Wilde, J., in giving the opinion of the court, in the case of Henshaw v. Robins, 9 Met. 83. To prove in any particular instance that there was a warranty by the vendor, it is therefore not sufficient to show merely that, at the time of the sale, he affirmed in clear

and definite language a fact relative to the essential qualities or condition of the goods or thing sold, but to this there must be superadded proof that he intended thereby to influence the mind of the purchaser and to induce him to buy, and that the latter did buy upon the faith of, and in reliance upon, the affirmation. This is essential to show that there was in fact a contract between the parties upon the subject."

And our Supreme Court defined an oral warranty in the following language:

"To constitute a verbal guaranty or personal undertaking it is not necessary that the word 'guaranty' should be used; but it is sufficient if, in view of all the circumstances attending the transaction, the necessary ingredients to constitute such guaranty, namely: the intention of the one party that his affirmations should operate as an inducement to the other party to buy or receive the thing, and the acceptance of, and reliance upon such inducement by the latter be shown to exist." [Barker v. Scudder, 56 Mo. 1. c. 275.]

Where the vendee has prudently protected himself by an express warranty, either in writing or orally, the state of the warrantor's knowledge or want of knowledge is not an ingredient of the contract. The obligation he assumes is that the asserted state of facts relating to the subject of the sale actually exists, and that if it should prove non-existent, he will be liable to the vendee for the consequences. His possible innocent ignorance of the true state of facts is one of the very contingencies against which the contract of warranty is designed to protect the vendee and to hold, as did the trial judge, that culpable knowledge of the vendor is an indispensable element of a cause for breach of warranty would be to say, in effect, that a vendee could not secure himself against the innocent mistakes of the vendor even by contract, but must bear the risks of latent, unknown defects in the subject of the sale.

Since, as we have said, the evidence of plaintiff tends to show the existence of an express contract of warranty and a breach thereof and the petition pleads a cause founded on a breach of warranty, it follows, from the views expressed, that the court erred in its rulings on the instructions under review. On account of this error the judgment is reversed and the cause remanded. All concur.